**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**DONALD B. HODGES and JOYCE R. KENDRICK,**
**Individually and on behalf of the**
**Washington Regional 401(k) Plan,**
**and on behalf of all similarly situated**
**participants and beneficiaries of the plan** **PLAINTIFFS**

**v.** **CASE NO. 5:26-CV-5230**

**WASHINGTON REGIONAL MEDICAL**
**SYSTEM and the PENSION COMMITTEE** **DEFENDANTS**

**INITIAL SCHEDULING ORDER**

**IT IS HEREBY ORDERED** that the following dates, deadlines, and procedures shall govern the initial proceedings in this consolidated matter:

1. **The Case Management Hearing is set for MARCH 15, 2027, at 10:30 am via *TEAMS*, unless otherwise indicated after a review of the parties' Rule 26(f) Report.**

This hearing will be the scheduling conference contemplated by Fed. R. Civ. P. 16(b)(1)(B). The purpose of this conference is to assess the pretrial needs of the case and to assist the Court in crafting an appropriately tailored Case Management Order. Counsel should be prepared to identify and discuss all genuinely disputed issues of fact and law and the matters set forth in the parties' Rule 26(f) Report. **The Court will also hear argument on any pending motions which may be ripe for consideration.**

2. **The parties shall jointly conduct a Rule 26(f) Conference by no later than FEBRUARY 22, 2027.**

*In preparation for* the parties' conference, Counsel should confer with their respective clients as soon as possible to assess the nature, scope, and accessibility of the information and documents subject to timely disclose pursuant to Rule 26(a)(1). In addition to the informational and descriptive disclosures *required* by Rule 26(a)(1), the parties must discuss and are ***strongly encouraged*** to agree upon the early identification and actual production (or inspection) of documents—instead of waiting for formal discovery requests. Ideally, any documents that are central to the parties' claims, damages, and defenses, should be provided with the "Initial Disclosures."

*During* the parties' Rule 26(f) conference, the discussions should focus on:

(1) The types and scope of discovery and the length of time necessary to complete it;

(2) Applicable topics and items set forth at Rule 26(f)(2) and (3);

(3) Other matters necessary to prepare the Joint Rule 26(f) Report and attachments;

(4) Counsel's respective expectations as to the scope and categorical content of the information and documents to be provided or inspected as part of the required Initial Disclosures; and (5) The identification of the core discovery documents reasonably capable of production with the required Initial Disclosures, as well as the scope, logistics, feasibility, and timing of such production.

(6) Whether the parties will mutually consent to Magistrate Judge jurisdiction. If agreed, the matter would be assigned for all purposes, including trial, to a Magistrate Judge.

3. **The parties shall jointly prepare and file a Rule 26(f) Report by no later than MARCH 8, 2027. *DO NOT USE* the report outline contemplated by Local Rule 26.1. Instead, the parties must use the outline and format found at** http://www.arwd.uscourts.gov/judge-brooks-forms.

4. **Initial Disclosures as required by Fed. R. Civ. P. 26(a)(1) are held in abeyance pending the Court's ruling on the anticipated motion to dismiss.**

5. **The Trial Date will be set during the Case Management Hearing**.

The parties should discuss and realistically assess the amount of time reasonably necessary to complete discovery, as this is the Court's main consideration when setting the trial term and other case management deadlines. The Court will typically adopt the parties' reasonable and mutually agreed length of discovery—with the understanding that the trial date set during the Case Management Hearing is "firm" and no continuances will be granted absent extraordinary good cause. During the Case Management Hearing, the Court will discuss setting the case for trial to a term that is (approximately) four months after the established discovery deadline. Counsel should also discuss and determine a consensus estimate of how long the trial will last. Counsel attending the Case Management Hearing must be authorized to discuss and commit to scheduling deadlines and trial dates. Any conflicts or objections to the Court's proposed trial dates must be made known at that time. Counsel should bring their calendars and any other information necessary to determine conflicts with proposed trial dates.

6. **Commencement of Discovery**. The parties are authorized to commence formal discovery in accordance with the Rules. *See* Fed. R. Civ. P. 26(d).

7. **No Waiver of Privilege**. Pursuant to Fed. R. Evid. 502(d), the Court hereby orders that any inadvertent disclosure of privileged information or documentation in response to *any* discovery production, including Rule 26(a)(1) disclosures and agreed document productions, shall not constitute a waiver of any applicable privileges in this case, or in any other case or respect. The purpose of this provision is to reduce the concern of a party that it must conduct exhaustive and expensive pre-production review of information/documents prior to producing the same.

8. **Motions**. Counsel must be prepared to argue any motions–dispositive or otherwise–that become ripe for consideration on or before the Case Management Hearing.

**IT IS SO ORDERED** on this 23rd day of November, 2026.

TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE